DOWD, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CASE NO. 5:06 CR 162 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| Charles Petties, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

The defendant has filed a series of motions. The Court addresses the same in this order.

### I. Motion for Jenks [sic] Material Prior to Trial. (Docket # 85)

The government has no requirement to produce the Jencks material prior to the testimony of the witness. However, the Court will direct a timely production during the trial to avoid unnecessary delays. The motion for production prior to trial is DENIED.

### II. The Motion for Production of Interview Reports With Individuals Who Will Not be Permitted to Testify at Trial. (Docket #87)

To the extent the interview reports constitute *Brady* material the motion is GRANTED. In all other respects, the motion is DENIED.

### III. The Motion for the Witness List. (Docket # 88)

No such requirement is contained in the Federal Rules of Criminal Procedure. The motion is DENIED.

### IV. The Motion to Interview Government Witnesses. (Docket # 89)

(5:06 CR 162)

The motion is DENIED.

### V. The Motion to Reveal the Deal Made by the Government With Any Witness Expected to Testify. (Docket # 90)

The government is reminded of its obligation under the teachings of Giglio v. United States, 405 U. S. 150 (1972) and *Brady*. The motion is GRANTED.

### VI. The Defendant's Request for Notice of Intention to Use Evidence in the Context of Rule of Evidence 404(b). (Docket #91)

The motion is GRANTED.

### VII. The Motion for Disclosure of Confidential Informants and Information on Confidential Informants. (Docket #86)

Counsel for the defendant states "[T]he request should be understood as including a demand for production of the DEA's internal informant file." The motion as stated is DENIED, but without prejudice to renew in the event the evidence should demonstrate the use of an informant in a setting which requires disclosure of the identity of the informant under the teachings of *Rovario v. United States,* 77 S. Ct. 623 (1957).

IT IS SO ORDERED.

| | |
|---|---|
| June 6, 2006 | */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |