DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 5:06 CR 162 |
| Plaintiff, | ) ) | |
| | ) | <u>MEMORANDUM OPINION</u> |
| v. | ) | <u>ANALYZING THE SENTENCING</u> |
| | ) | <u>FACTORS SET FORTH IN 18 U.S.C.</u> |
| Charles Petties, | ) | <u>SECTION 3553(a)</u> |
| | ) | |
| Defendant. | ) | |

<u>I. Introduction</u>

The Court conducted the sentencing hearing of the defendant Charles Petties. The Court determined that the defendant's total offense level was 23 with a criminal history category of II calling for a sentencing range under the advisory sentencing guidelines of 51 to 63 months.[1] At the conclusion of the sentencing hearing, the Court sentenced the defendant to confinement for a period of 63 months with supervised release for a period of four years.

<u>II. The Analysis Required by 18 U.S.C. § 3553(a)</u>

The Court sets forth its analysis of the sentencing factors required by *Booker* and the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

---

[1] The presentence report called for a two level enhancement for possession of a firearm. The defendant disputed the enhancement. The firearm was located in the bed stand in the defendant's bedroom. The firearm was not loaded, but a full clip of ammunition for the weapon was beside the weapon. The issue for the Court was whether the firearm enhancement pursuant to the provisions of U.S.C.G. Section 2(D)1.1 should apply. The Court reviewed note number three and finally concluded that under all of the circumstances, the defendant would get the benefit of the doubt and the Court decided not to add the firearm enhancement thereby reducing the offense level to 23. The defendant, in any event, remains subject to a mandatory minimum sentence of 60 months.

(5:06 CR 162)

**(a) Factors to be considered in imposing a sentence.**

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -

**(1) The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

> Approximately two years ago, the FBI and local law enforcement initiated an investigation into the drug trafficking activities of the Ronald Dede drug trafficking organization. The investigation established that Dede had customers in Canton, Ohio. Dede ordered cocaine from Arizona resident Craig Dawson who was assisted by Letricia Epps who also resided in Arizona.

> The investigation established that Ronald Dede, a resident of California, developed a number of cocaine customers in Canton, Ohio. The largest customers were Hakim Ali, Ronald Lucas, Rodney Petties and Walter Dennis, Jr. Rodney Petties was introduced to Ronald Dede by his brother, the defendant, Charles Petties. Rodney Petties distributed a portion of the cocaine to Charles Petties, the defendant, for distribution. Dede would order his cocaine through Phoenix, Arizona resident Craig Dawson, who was assisted by Phoenix resident, Letricia Epps. The source of supply toward the end of the conspiracy was Oswaldo Sanchez.

> During the course of the investigation, a confidential informant made controlled purchases of cocaine from Rodney and Charles Petties. The CI purchased a kilogram from Rodney and multiple ounces from Charles. The CI discussed the price of a kilogram with Charles. At least one of the controlled purchases with Charles Petties took place at Charles' residence where a weapon was later found on March 9, 2006, during a search of his residence.

2

(5:06 CR 162)

The defendant is a 43 year-old male with two prior convictions.  He was convicted of Aggravated Menacing in 1996, and Domestic Violence in 2004.  He was also charged with Domestic Violence in 2003, but was convicted of a lesser charge of Disorderly Conduct.[2]

The defendant is a life-long resident of Canton, Ohio.  Both of his parents are deceased.  He has three brothers; one is a codefendant in this case.  He also has one half-brother and one half-sister.  He maintains a good relationship with all of his siblings.

The defendant has been married twice.  He has one 18 year old daughter with his first wife and four additional children with two other women.

The defendant is in good physical health and has no mental health issues.

The defendant used marijuana from age 15 to age 30.  At age 21, he began using cocaine and became addicted to it.

From 1998 until his arrest in 2006, the defendant worked primarily as a truck driver.

The defendant's acceptance of responsibility is set forth in paragraphs 19 and 20 of the presentence report as follows:

> "I was in a financial bind trying to keep up with my household bills and child support.  I figured I could make some extra cash to help me.  So I purchased drugs and sold them to others which included the CI..
>
> "I know my action were wrong and I'd like to apologize to the U.S. Government as well as my family for my action.  It's been a big embarassment.  I deeply regret it and I sincerely apologize." [sic]

---

[2] Once again, the Court notes that the defendant had a weapon in the nite stand in his home at the time of his arrest with a fully loaded clip to place in the weapon which is a further indication that the defendant is subject to acts of violence consistent with his criminal record.

3

(5:06 CR 162)

**(2)   The Need for the Sentence Imposed**

**(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

Trafficking in cocaine is a serious offense.  Many times, as in  this case, the defendant has become addicted to cocaine.  Here, the defendant is faced with a mandatory minimum sentence of 60 months.  Under all of the factual circumstances of this case, a sentence of 63 months is necessary to promote respect for the law and to provide just punishment.

**(B)  to afford adequate deterrence to criminal conduct;**

Mandatory minimum sentencing has been in place in the federal system for nearly 20 years.  Whether a lengthy sentence, as is necessary in this case, provides adequate deterrence  to criminal conduct is questionable in the Court's opinion as the media gives scant attention to the results in cases of this magnitude.  Moreover, the persons who should be alert to the consequences of this behavior probably do not read newspapers or actually believe the fact of the long sentences.

**(C)  to protect the public from further crimes of the defendant;**

The defendant is 43.  Although the defendant's criminal history is II, he has spent only a handful of days in custody.  It is possible that the combination of his age, the length of the imprisonment and the period of supervised release to follow will result in the public being protected from further crimes of the defendant.  Certainly the public will be protected while he is in custody.

**(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

4

(5:06 CR 162)

The defendant is experienced as a truck driver. Possibly he can use the time in prison to learn additional employment skills. He has a GED, but he will have the opportunity to continue with his education. The Court will recommend that the defendant be given the opportunity to participate in drug rehabilitation efforts to conquer his addiction to cocaine

**CONCLUSION**

For the reasons set forth herein, a sentence of 63 months with supervised release for four years and within the advisory guideline range, is a sentence sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2).

IT IS SO ORDERED.

| | |
|---|---|
| November 22, 2006 | */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |